■ WESTVIEW ASSOCIATES et al., Respondents, v GUARANTY NATIONAL INSURANCE COMPANY, Appellant, et al., Defendant. [693 NYS2d 138] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 5, 1998, which adjudged that defendant-appellant has a duty to defend plaintiffs in the underlying personal injury action, and order, same court and Justice, entered January 13, 1998, which granted plaintiffs' motion for summary judgment on their first cause of action to the extent of finding that defendant-appellant had a duty to defend with related relief, and denied defendant-appellant's cross motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, plaintiffs' motion for summary judgment denied and defendant-appellant's cross motion granted to the extent of finding that defendant-appellant has no duty to defend or indemnify plaintiffs pursuant to the policy in the underlying personal injury action.

Plaintiffs are owners of real property who sought a declaration that they were entitled to coverage under an umbrella liability policy issued by defendant-appellant Guaranty National Insurance Company (Guaranty) in connection with a lawsuit concerning alleged injuries caused by exposure to lead-based paint chips and flakes in the premises. Coverage A of the Guaranty policy provides that the coverage is subject to all applicable exclusions in the primary policy or policies. The primary policy, which was issued for the same period as the umbrella policy, contains the following exclusion:

"6. Exclusion-Lead Paint

"It is agreed that this insurance does not apply to any li-

ability for bodily injury or personal injury arising out of exposure to, ingestion of lead paint or any substance or matter containing lead paint or the residue of lead paint."

The umbrella policy does *not* contain a grant of coverage for claims arising out of exposure to lead-based paint. Pursuant to the incorporation clause, the lead paint exclusion in the primary policy is incorporated into the umbrella policy and precludes coverage for the underlying action. While the motion court held that the lead paint exclusion precludes coverage under "Coverage A," it also held that "Coverage B" "provides its own separate coverage for any loss 'not covered as warranted by the underlying policies.' " However, pursuant to its express terms, Coverage B of the umbrella policy is only implicated "with respect to any loss covered by the terms and conditions of this policy." Thus, coverage is only provided under Coverage B of the umbrella policy when the primary policy excludes a claim that is *specifically* covered by the umbrella policy. In these cases, the umbrella policy essentially functions as primary coverage.

We have noted, "It is a recognized ' "rule of construction that a court should not 'adopt an interpretation' which will operate to leave a 'provision of a contract * * * without force and effect' " ' " (*Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196, quoting *Laba v Carey*, 29 NY2d 302, 308). Here, the IAS Court's interpretation extending coverage for the excluded loss under Coverage B of the umbrella policy effectively negates the clause incorporating the exclusions in the primary policy in Coverage A and leaves that provision "without force and effect."

Accordingly, we reverse and grant defendant-appellant's motion for summary judgment declaring that it has no duty to defend or indemnify pursuant to the policy. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.